**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Jonathan A Barajas Nava,<br><br>    Defendant. | No. MC-25-00005-TUC-JR<br><br>**ORDER** |

Pending before the Court is the Government's Application for Writ of Garnishment directed to Navy Federal Credit Union, seeking to garnish funds belonging to Defendant Jonathan A. Barajas Nava, a judgment debtor. (Doc. 1.) Defendant, currently incarcerated at FCI-Phoenix, filed an objection and requested a hearing pursuant to 28 U.S.C. § 3202(d). (Doc. 13.) The Government responded to Defendant's request. (Doc. 24.) For the reasons below, the undersigned will deny Defendant's request for a hearing and grant the Government's request to transfer this case to the Central District of California for any further litigation or collection proceedings.

**I.    Background**

On April 14, 2025, the United States District Court for the Central District of California entered a Judgment against Defendant for Damage to Religious Property, ordering Defendant to serve 51 months in the Bureau of Prisons and to pay $7,008.66 in restitution pursuant to 18 U.S.C. § 3663A and a special assessment of $100. (*See* 5:24-cr-00134-JFW, Doc. 63.)  The Judgement states that the criminal penalties are to be paid in

full immediately or due immediately. (*Id.*) The sentencing court imposed a payment schedule requiring that payments be made under the Bureau of Prisons financial Responsibility Program at a rate if not less than $25 per quarter. (*Id.*) The current balances due on the Judgment is $7,108.66 as nothing has been collected. (Doc. 24 at 2.)

On May 29, 2025, the Government filed an Application for Writ of Garnishment (the "Writ") to Garnishee Navy Federal Credit Union in the Central District of California. (Doc. 1.) On June 9, that court entered an order to issue the Writ and for the Clerk to issue the notice of garnishment to Defendant. (Doc. 7.) On the same day, the Clerk issued both the Writ and the Notice to Debtor. (Docs. 8, 9.) On June 16, 2025, the Government served the Writ on the Garnishee. (Doc. 10.) On July 10, 2025, the Government sent a copy of the Writ, Clerk's Notice, and appropriate orders to Defendant by mail. (Doc. 11.) On July 11, 2025, the Garnishee answered the Writ stating that it has property belonging to Defendant: a solely owned checking/deposit account with a $7,108.66 approximate value. (Doc. 12.)

On July 21, 2025, Defendant filed a request for hearing and that the court transfer the case to the district court where he resides.[1] (Doc. 13.) Defendant's request is comprised of a form pleading with prepopulated options, which Defendant checked the box indicating "I request a hearing and that this Court transfer the hearing to the federal district where I reside." (*Id.* at 2.) The Government filed a Notice of Non-Opposition to Defendant's Request for Transfer of Garnishment Proceedings, (Doc. 15), and the court transferred the case from the Central District of California to the District of Arizona, (Doc. 16). On August 11, 2025, the District of Arizona acknowledged receipt of the case (Doc. 17) and assigned the case to the undersigned (Doc. 18).

**II.     Legal Rule**

Under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663(a), the Government may collect on a restitution judgment using the procedures available for the collection of criminal fines outlined in 18 U.S.C. § 3613(a), see 18 U.S.C. §§ 3613(f),

---

[1] At the time the request was filed, Defendant was housed at FCI-Tucson but has since been transferred to FCI-Phoenix. (Doc. 24 at 3.) Regardless, Defendant resides in the District of Arizona.

3664(m), and "may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law [.]" United States v. Berger, 574 F.3d 1202, 1204 (9th Cir.2009) (quoting 18 U.S.C. § 3613(a)). "The Federal Debt Collection Procedures Act of 1990 ('FDCPA') is such a statute." *United States v. Gianelli*, 543 F.3d 1178, (9th Cir.2008). The FDCPA, 28 U.S.C. §§ 3001–3308, "provides the exclusive civil procedures for the United States to ... recover a judgment on a debt." 28 U.S.C. § 3001. *Id.*; *United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005). "Debt" includes "an amount that is owing to the United States on account of ... restitution .... "28 U.S.C. § 3002(3)(B); *Mays*, 430 F.3d at 965 (concluding that the FDCPA's civil enforcement remedies may be used to enforce orders of restitution entered under the MVRA). The FDCPA further provides that it "shall preempt State law to the extent such law is inconsistent." 28 U.S.C. § 3003(d).

Under the FDCPA, the United States is required to provide the judgment debtor with notice of the commencement of a post-judgment garnishment proceeding as provided for by 28 U.S.C. § 3202(b). The judgment debtor then has twenty days following receipt of the notice to request a hearing in which the debtor may move to quash enforcement of the writ of garnishment. 28 U.S.C. § 3202(d). Section 3202(d) provides the limited issues which the court may consider at such hearing:

> The issues at such hearing shall be limited—
>
> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—
>
>   (A) the probable validity of the claim for which the debt is merged in the judgment; and
>
>   (B) the existence of good cause for setting aside such judgment.

*Id.* "Although the Act states that the court 'shall hold a hearing' at the debtor's request,

courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v. Miller*, 588 F.Supp.2d 789, 797 (W.D. Mich. 2008) (citations omitted); *see also United States v. Baugus*, 310 Fed.Appx. 120 (9th Cir.2009) ("[W]e conclude that any error was harmless in light of the district court's subsequent correct ruling that Baugus was not entitled ... to a hearing, see 28 U.S.C. § 3202(d)."); *United States v. Pedro*, 2011 WL 2262226, at *2 (D.Ariz. May 16, 2011) (denying a hearing) (citing, inter alia, *United States v. Tanya Marie Smith*, 88 Fed.Appx. 981, at * 1 (8th Cir.2004) (noting that issues at a garnishment hearing are "limited to determining validity of any claim of exemption, government's compliance with statutory requirements and validity of default judgment.")).

Therefore, "a request for a hearing may be denied where the debtor does not state a proper bases for objection pursuant to 28 U.S.C. § 3202(d)." *United States v. Moussa*, 2022 WL 4112073, at *2 (D. Ariz. July 29, 2022), report and recommendation adopted, 2022 WL 4104562 (D. Ariz. Sept. 8, 2022).

### III.  Discussion

Here, Defendant has not asserted an objection on one or more of the limited grounds permitted under 28 U.S.C. § 3202(d) for which a hearing shall be granted. (*See* Doc. 13.)

On July 10, 2025, Defendant was served with Notice of Continuing Garnishment to Debtor (Doc. 8) via mail. (*See* Doc. 11.) The Notice explains in laymen's terms the process through and limited grounds for which the Defendant may object to the Writ. (Doc. 8 at 2-3.) The Notice states in part:

> In addition, you are hereby notified that there are exemptions under the law which may protect some of this property from being taken by the United States if you can show that the exemptions apply. Below is a summary of the only exemptions that apply to the enforcement of judgments for criminal fines and restitution under 18 U.S.C. § 3613:
>
> 1.  Wearing apparel and school books. 26 U.S.C § 6334(a)(1).
>
> 2.  Fuel, provisions, furniture, and personal effects that do not exceed $11,710. 26 U.S.C. § 6334(a)(2) and (g).

    3.      Books and tools of a trade, business, or profession that do not exceed $5,860. 26 U.S.C. § 6334(a)(3) and (g).

    4.      Unemployment benefits. 26 U.S.C. § 6334(a)(4).

    5.      Undelivered mail. 26 U.S.C. § 6334(a)(5).

    6.      Certain annuity and pension payments. - - Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll, and annuities based on retired or retainer pay. 26 U.S.C. § 6334(a)(6).

    7.      Workmen's Compensation. 26 U.S.C. § 6334(a)(7).

    8.      Judgments for support of minor children. 26 U.S.C. § 6334(a)(8).

    9.      Certain service-connected disability payments. 26 U.S.C. § 6334(10).

    10.    Assistance under Job Training Partnership Act. 26 U.S.C. § 6334(12).

You have a right to ask the Court to return your property to you if you think the property the government seeks qualifies under one of the above exemptions. Pursuant to 28 U.S.C. § 3202(d), if you want a hearing to request the Court to return your property based on your claim that an exemption applies, you must notify the Court within 20 days after receipt of this notice.

(*Id.*) In addition, Defendant was informed that he was required to make his request in writing. (*Id.* at 3.) Defendant was provided two "check box" forms, the first titled "Defendant's Request For Hearing Regarding Writ of Garnishment" (hereafter "hearing request form") and the second is titled "Claim For Exemption Form" (hereafter "exemption claim form") which is to be attached to the hearing request form. (*Id* at 6-9.) The hearing request form lists five options for Defendant to select "all that apply." (*Id* at 6-7.) Two of the options provide statutory grounds by which the Defendant could object to the Writ: "I think the property Garnishee is withholding is exempt under the checked exemptions on the attached Claim for Exemption From" and "I do not think the government complied with a statutory requirement for the issuance of the Writ of Garnishment." (*See id*. at 6-7.) The exemption claim for then lists the ten permissible exemption options above. (*See id*. at

8-9.) Defendant was instructed that he may, but was not required, to use these forms to file any objections to the Writ. (*Id*. at 3.)

On July 21, 2025, Defendant filed a signed copy of the hearing request form and attached a signed copy of the exemption claim form. (*See* Doc. 13.) Defendant did indicate on the hearing request form which of the two relevant statutory grounds he bases his objection to the garnishment. (*See* Doc. 13 at 1.) Defendant also failed to check a box to indicate if he believes there is a relevant exemption on which he could object to the garnishment at such hearing. (*See* Doc. 13 at 3-4.) Upon review of the record, exemptions 1, 2, 3, and 5 listed above are clearly inapplicable, as the Government is not attempting to garnish any tangible property. *See* 26 U.S.C. § 6334(a)(1), (2), (3), (5). Further, nothing in the record, or the Defendant's filings, or the Garnishee's filings support that the funds the Government seeks to garnish via the Writ are exempted unemployment benefits, protected pension payments, workmen's compensation, funds for judgments for support of minor children, service-connected disability payment, or assistance paid under the Job Training Partnership Act. *See* 26 U.S.C. § 6334(a)(4), (6)-(10), (12). Accordingly, Defendant has failed to allege that the funds which the Government seeks to garnish are exempt for the purposes of 28 U.S.C. § 3202(d)(1).

Next, the Defendant also did not indicate on the hearing request that he believes the Government did not comply with a statutory requirement for the issuance of the Writ of Garnishment under 28 U.S.C. § 3202(d)(2). (*See* Doc. 13 at 1.) Upon review, the Court finds nothing in the record to suggest that the Government did not comply with the statutory requirements for the issuance of the Writ.

The third statutory ground for a hearing which a defendant may assert requires the judgment levied against the defendant to be a default judgment. *See* 28 U.S.C. § 3202(d) ("[I]f the judgment is by default…"). Here, the judgment was not levied in default, and so the final ground for which the Defendant may object to the issuance of the Writ is inapplicable.

Accordingly, the Defendant has failed to show a proper basis for objection to the

issuance of the Writ based on one of the issues specified in 28 U.S.C. § 3202(d), and therefore his request for hearing will be denied.

**IT IS HEREBY ORDERED** Defendant's Request for Hearing Regarding Writ of Garnishment (Doc. 13) is **denied**.

**IT IS FURTHER ORDERED** the Government's request to transfer the case back to the Central District of California for any further litigation or collection proceedings (Doc. 24 at 7) is **granted**. Accordingly, this proceeding is **transferred** to the United States District Court for the Central District of California.

Dated this 29th day of September, 2025.

*[Signature]*
Honorable Jacqueline M. Rateau
United States Magistrate Judge