1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

United States of America,        ) Case No. **ED CV 25-2584-JFW(JFWx)**
11                               )
              Plaintiff(s),      ) **STANDING ORDER**
12                               )
      v.                         )
13                               )
Jonathan A. Barajas Nava, et al., )
14                               )
              Defendant(s).      )
15   _____ )

16

17       **READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND**

**DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

18

19       This action has been assigned to the calendar of Judge

John F. Walter.  Both the Court and counsel[1] bear
20
responsibility for the progress of litigation in Federal
21
Court.  To secure the just, speedy, and inexpensive
22
determination of every action, all counsel are ordered to
23
familiarize themselves with the Federal Rules of Civil
24
Procedure, the Local Rules of the Central District of
25

26

27   _____

[1]Any reference in the Court's Standing Order (or any
28   other court order) to "counsel" or "attorney" applies to
parties appearing pro se unless the context requires
otherwise.

California, the General Orders of the Central District and the Judge's Procedures and Schedules found on the website for the United States District Court for the Central District of California (www.cacd.uscourts.gov).

**1.** **Service of the Complaint**:

The plaintiff shall promptly serve the Complaint in accordance with Fed.R.Civ.P. 4 and shall file the proof(s) of service pursuant to the Local Rules. **The plaintiff is hereby notified that failure to serve the Complaint as required by Fed.R.Civ.P. 4(m) will result in the dismissal of the Complaint against the unserved defendant(s).**

**2.** **Presence of Lead Counsel**:

Lead trial counsel shall attend all proceedings before this Court and all Local Rule 7-3, scheduling, status, and settlement conferences. Only <u>ONE</u> attorney for a party may be designated as lead trial counsel unless otherwise permitted by the Court.

**3.** **Electronic Filing and Courtesy Copies**:

(a) Within ten days of a party's initial appearance, lead trial counsel shall file a declaration entitled, "Declaration of Lead Trial Counsel" which shall: (1) notify the Court that counsel has registered as an "CM/ECF User;" (2) include lead counsel's "E-Mail Address of Record;" and (3) confirm that lead counsel has read the Court's Standing Order and the Local Rules.

(b) All documents that are required to be filed in an electronic format pursuant to the Local Rules shall be filed electronically no later than 4:00 p.m. on the date due unless

1  otherwise ordered by the Court.  Any documents filed
2  electronically after 4:00 p.m. on the date due will be
3  considered late and may be stricken by the Court.  All
4  documents filed electronically shall be filed in accordance
5  with the Local Rule 5-4.  Each PDF file shall contain no more
6  than one document or exhibit, *see* Local Rule 5-4.3.1, and
7  each document or exhibit shall be meaningfully described on
8  the docket such that the document or exhibit can be easily
9  identified.  For example, if a declaration in support of a
10 motion appears as Docket No. 30, exhibit 1 to the declaration
11 should be filed as Docket No. 30-1 with a description of the
12 exhibit that includes the title of the exhibit and the
13 exhibit number (*e.g.*, Exhibit 1: Letter from John Doe to Jane
14 Doe dated January 1, 2021).  Exhibit 2 to the declaration
15 should be filed as Docket No. 30-2 with a description of the
16 exhibit which includes the title of the exhibit and exhibit
17 number (Exhibit 2: Letter from Jane Doe to John Doe dated
18 January 2, 2021), and so on.  Any documents that counsel
19 attempt to file electronically that are improperly filed will
20 not be accepted by the Court.

21      (c) Counsel are ORDERED to deliver **2 copies** of all
22 documents filed electronically in this action to Chambers.
23 For each document filed electronically, one copy shall be
24 marked "CHAMBERS COPY" and the other copy shall be marked
25 "COURTESY COPY."  The "CHAMBERS COPY" and "COURTESY COPY" are
26 collectively referred to herein as "Courtesy Copies." The
27 Courtesy Copies of each electronically filed document must
28 include on each page the running header created by the ECF

1   system.  In addition, on the first page of each Courtesy
2   Copy, in the space between lines 1 - 7 to the right of the
3   center, counsel shall include the date the document was
4   e-filed and the document number. The Courtesy Copies shall be
5   single-sided and shall <u>not</u> be blue-backed. All documents must
6   be stapled only in the top left-hand corner, the electronic
7   proof of service must be attached as the last page of each
8   document, and the exhibits attached to any document must be
9   tabbed.  Counsel shall not staple the "COURTESY COPY" and
10  "CHAMBERS COPY" together. The "COURTESY COPY" and "CHAMBERS
11  COPY" of all documents must be three-hole punched at the left
12  margin with oversized 13/32" hole size, not the standard
13  9/32" hole size.  If the courtesy copy exceeds twenty-five
14  pages, the courtesy copy shall be placed in a slant D-ring
15  binder with each item of evidence separated by a tab divider
16  on the right side. All documents contained in the binder must
17  be three hole punched with the oversized 13/32" hole size,
18  not the standard 9/32" hole size.  The binder shall include a
19  Table of Contents and the spine of the binder shall be
20  labeled with its contents.

21      The Courtesy Copies shall be delivered to Chambers no
22  later than 10:00 a.m. on the next business day after the
23  document was electronically filed.

24      (d) For any document that is not required to be filed
25  electronically, counsel are ORDERED to deliver 1 conformed
26  copy of the document, which shall be marked "COURTESY COPY,"
27  to Chambers **at the time of filing**. For any document or
28  exhibit that is not required to be filed electronically,

1  counsel shall retain a copy of that document or exhibit until
2  all appeals have been exhausted.

3      (e)  If the Court has granted an application to file
4  documents under seal, the Court's Courtesy Copies shall
5  include a complete version of the documents including any
6  sealed documents. Each document that has been filed under
7  seal shall include a notation identifying that the document
8  has been filed under seal, and shall be highlighted to show
9  the portion of the document that has been redacted. For
10 example, if the Court orders Ex. A to a Declaration filed
11 under seal, the Court's Courtesy Copies of the Declaration
12 should include Ex. A as an attachment with a notation that it
13 has been filed under seal pursuant to the Court's order and
14 any redactions shall be highlighted.

15     (f)  In the unlikely event counsel finds it necessary to
16 file a Notice of Errata: (1) the Notice of Errata shall
17 specifically identify each error by page and line number and
18 set forth the correction; and (2) a corrected version of the
19 document in its entirety shall be attached to the Notice of
20 Errata.

21     (g) When a proposed order or other proposed document
22 accompanies an electronic filing, the proposed order or other
23 proposed document shall be in PDF format and included, as an
24 attachment, with the main electronically filed document
25 (*e.g.*, stipulations, applications, motions).  Proposed orders
26 or other proposed documents (such as a proposed judgment)
27 that are not lodged with a main document shall be
28 electronically lodged as an attachment to a Notice of

Lodging; if the proposed document is being submitted in response to a court order, the filer shall link the Notice of Lodging to that court order.

After a document requiring a judge's signature has been lodged, a WordPerfect or Microsoft Word copy of the proposed document, along with a PDF copy of the electronically filed main document, <u>MUST</u> be emailed to the chambers email address, <u>EITHER</u> by using the "Proposed Orders" link within the CM/ECF System <u>OR</u> by sending a separate email with the subject line in the following format: Court's divisional office, year, case type, case number, document control number assigned to the main document at the time of filing, judge's initials, and filer (party) type and name (*e.g.*, for Los Angeles: LA08CV00123-6-ABC-Defendant). **Do not submit the proposed order twice.** Failure to comply with this requirement may result in the denial or striking of the request or the Court may withhold ruling on the request until the Court receives the required documents.

**4.   <u>Discovery</u>:**

(a) All discovery matters have been referred to a United States Magistrate Judge.  (The Magistrate Judge's initials follow the Judge's initials next to the case number.)   All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing.   Counsel are directed to contact the Magistrate Judge's Courtroom Deputy to schedule matters for hearing.

All decisions of the Magistrate Judge shall be final, subject to modification by the District Court only where it

is shown that the Magistrate Judge's Order is clearly erroneous or contrary to law.  Any party may file and serve a motion for review and reconsideration before this Court.  The moving party must file and serve the motion within fourteen calendar days of service of a written ruling or within fourteen calendar days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling.  The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with a memorandum of points and authorities.  Counsel shall deliver a courtesy copy of the moving papers and responses to the Magistrate Judge.

(b) Counsel shall begin to actively conduct discovery before the Fed.R.Civ.P. 26(f) conference because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.  If the action is a putative class action, the parties shall begin to conduct discovery immediately, so that the Motion for Class Certification can be timely filed.

**5.   Motions:**

(a) **Time for Filing and Hearing Motions:**

Motions shall be filed in accordance with the Local Rules.  This Court hears motions on **Mondays commencing at 1:30 p.m.**  Once a party has noticed a motion for hearing on a particular date, the hearing shall not be continued without leave of Court.  No supplemental briefs shall be filed without leave of Court.  Courtesy Copies shall be provided to the Court in accordance with Section 3 of this Order.  No

1  motion shall be noticed for hearing more than 35 calendar

2  days after service of the motion unless otherwise ordered by

3  the Court.  Documents not filed in compliance with the

4  Court's requirements will be stricken and will not be

5  considered by the Court.

6      **(b) Local Rule 7-3:**

7      Among other things, Local Rule 7-3 requires counsel to

8  engage in a pre-filing conference to discuss thoroughly the

9  substance of the contemplated motion and any potential

10  resolution.  Counsel should discuss the issues with

11  sufficient detail so that if a motion is still necessary, the

12  briefing may be directed to those substantive issues

13  requiring resolution by the Court.

14      Many motions to dismiss or to strike could be avoided if

15  the parties confer in good faith especially for perceived

16  defects in a Complaint, Answer, or Counterclaim that could be

17  corrected by amendment.  *See, e.g., Eminence Capital, LLC v.*

18  *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(where a

19  motion to dismiss is granted, a district court should provide

20  leave to amend unless it is clear that the Complaint could

21  not be saved by any amendment).  The Ninth Circuit requires

22  that this policy favoring amendment be applied with "extreme

23  liberality."  *Morongo Band of Mission Indians v. Rose*, 893

24  F.2d 1074, 1079 (9th Cir. 1990).

25      These principles require counsel for the plaintiff to

26  carefully evaluate the defendant's contentions as to the

27  deficiencies in the Complaint, and in most instances, counsel

28  should agree to any amendment that would cure a curable

defect.  Counsel should, at the very least, resolve minor procedural or other non-substantive matters during the conference.

All 7-3 conferences shall be conducted **in person** by lead counsel.  If lead counsel are not both located within the Central District of California, the conference may take place via video (letters and e-mail do not constitute a proper 7-3 conference).  The pro se status of one or more parties does not excuse compliance with Local Rule 7-3.

Notwithstanding the exemption for preliminary injunction motions in Local Rule 7-3, counsel contemplating filing a preliminary injunction motion shall comply with Local Rule 7-3 and meet and confer **in person** at least five days prior to the filing of such a motion.

Not more than two calendar days after the 7-3 conference for any contemplated motion (and at least five calendar days prior to filing the contemplated motion), counsel shall file a joint statement indicating the date of, duration of, and method of communication used during the conference and the participants in the conference.  In addition, the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining.  Failure to strictly comply with the Court's requirements or Local Rule 7-3 will result in the striking and/or the denial of the motion.

**(c) Length and Format of Motion Papers:**

**Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages.  Replies**

**shall not exceed 12 pages.** Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations.

**Typeface shall comply with the Local Rules. NOTE: If Times Roman is used, the font size must be no less than 14; if Courier is used, the font size must be no less than 12.** Footnotes shall be in the same typeface and font size as the text and shall be used sparingly.

Documents which do not conform to the Local Rules and this Order will not be considered.

**(d) Citations to Case Law:**

Citations to case law **must** identify not only the case being cited, but the specific page referenced. In the event it is necessary to cite to Westlaw or Lexis, the Court prefers that counsel cite to Westlaw. Hyperlinks for case citations must be included.

**(e) Citations to Other Sources:**

Statutory references should identify, with specificity, which sections and subsections are being referenced (*e.g.*, Jurisdiction over this claim for relief may appropriately be found in 47 U.S.C. § 33, which grants the district courts jurisdiction over all offenses of the Submarine Cable Act, whether the infraction occurred within the territorial waters of the United States or on board a vessel of the United States outside said waters). Statutory references which do not specifically indicate the appropriate section and subsection (*e.g.*, Plaintiffs allege conduct in violation of

1   the Federal Electronic Communication Privacy Act, 18 U.S.C. §
2   2511, *et seq.*) are to be **avoided.**  Citations to treatises,
3   manuals, and other materials should similarly include the
4   volume and the section referenced.

5       **(f)  Proposed Statement of Decision**

6       Not more than two days after the deadline for filing the
7   Reply, each party shall lodge a Proposed Statement of
8   Decision, which shall contain a statement of the relevant
9   facts and applicable law with citations to case law and the
10  record.  The Proposed Statement of Decision shall not exceed
11  fifteen pages and shall be in a form that would be
12  appropriate for the Court to enter as its final order on the
13  motion.  The Proposed Statement of Decision shall be
14  submitted to the Court in accordance with the Local Rules and
15  shall be e-mailed in WordPerfect or Word format to the
16  Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) at
17  the time of filing. Failure to lodge the Proposed Statement
18  of Decision will result in the denial or granting of the
19  motion.

20      **(g) Opposing Papers**

21      Within the deadline prescribed by the Local Rules, a
22  party opposing a motion shall file: (1) an Opposition; or (2)
23  a Notice of Non-Opposition.  If a party files a Notice of
24  Non-Opposition to a motion under Federal Rule of Civil
25  Procedure 12(b), (e), or (f), that party shall state whether
26  it intends to file an amended complaint in accordance with
27  Federal Rule of Civil Procedure 15(a)(1).

28

**Failure to timely respond to any motion shall be deemed by the Court as consent to the granting of the motion.** *See* **Local Rules.**

**(h)  Amended Pleadings**

Whenever a plaintiff files an amended pleading, a redlined version of the amended pleading shall be filed and delivered to Chambers indicating all additions and deletions to the prior version of that pleading.

In addition to the requirements of the Local Rules, all motions to amend the pleadings shall: (1) state the effect of the amendment; and (2) state the page, line number(s), and wording of any proposed change or addition of material.

In the event the Court grants a motion to dismiss without prejudice to filing an amended complaint, the plaintiff shall file an amended complaint within the time period specified by the Court.  If no time period is specified by the Court, the plaintiff shall file an amended complaint within fourteen calendar days of the date of the order granting the plaintiff leave to file an amended complaint.  Failure to file an amended complaint within the time allotted will result in the dismissal of the action with prejudice.

**(i) Motions for Class Certification**

Motions for Class Certification shall be filed within 120 days after service of a pleading purporting to commence a class action (or if applicable 120 days after service of the Notice of Removal), unless otherwise ordered by the Court. Failure to timely file a Motion for Class Certification will

12

result in the striking of the class allegations from the
operative pleading.

**6.    <u>Ex Parte Applications</u>:**

Ex parte applications are solely for extraordinary
relief.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*,
883 F. Supp. 488 (C.D. Cal. 1995).  Applications that fail to
conform with the Local Rules, including a statement of
opposing counsel's position, will not be considered.  In
addition to electronic service, the moving party shall
immediately serve the opposing party by e-mail or hand
service and shall notify the opposing party that any
opposition must be filed not later than twenty-four hours
after the filing of the ex parte application.  If counsel
does not intend to oppose the ex parte application, counsel
shall immediately inform the Courtroom Deputy by e-mail and
immediately file a Notice of Non-Opposition.  The Court
considers ex parte applications on the papers and usually
does not set the matters for hearing.  Courtesy Copies of all
moving and opposition (or non-opposition) papers shall be
provided to the Court in accordance with Section 3 of this
Order.  The Courtroom Deputy will notify counsel of the
Court's ruling or a hearing date and time, if the Court
determines a hearing is necessary.

**7.    <u>Applications or Stipulations to Extend the Time to File
any Required Document or to Continue Any Date</u>:**

No application or stipulation to extend the time to file
any required document or to continue any date is effective
unless and until the Court approves it.  Any application or

stipulation to extend the time to file any required document or to continue any date must set forth the following:

(a)  the existing due date or hearing date, as well as all dates set by the Court, including the discovery cut-off date, the Pre-Trial Conference date, and the Trial date;

(b) the new dates proposed by the parties;

(c) specific, concrete reasons supporting good cause for granting the extension; and

(d) whether there have been prior requests for extensions by any party, and whether those requests were granted or denied by the Court.

The application or stipulation must be accompanied by a separate proposed order.  The proposed order shall include the existing due date(s) or hearing date(s) as well as the new proposed date(s).

Failure to comply with the provisions of this section may result in the denial of the application or stipulation.

**8.**   **Temporary Restraining Orders and Injunctions:**

**(a)  Documentation Required:**

Parties seeking emergency or provisional relief shall comply with Fed.R.Civ.P.65 and the Local Rules.  An ex parte application for a temporary restraining order must be accompanied by:  (1) a copy of the complaint; (2) a separate memorandum of points and authorities in support of the application; (3) the proposed temporary restraining order and a proposed order to show cause why a preliminary injunction should not issue; and (4) such other documents in support of the application that the party wishes the Court to consider.

Courtesy Copies of these documents shall be immediately
delivered to Chambers.

   **(b)  Notice of Ex Parte Applications:**

   Unless relieved by order of the Court for good cause
shown, on or before the day counsel files an ex parte
application for a temporary restraining order, counsel must
personally serve notice and all documents in support of the
ex parte application and a copy of the Court's Standing Order
on opposing counsel or party.  Counsel shall also notify the
opposing party that any opposition must be filed no later
than twenty-four hours after the service of the ex parte
application.  Counsel shall immediately file a Proof of
Service.

   If counsel does not intend to oppose the ex parte
application, counsel shall immediately inform the Courtroom
Deputy by e-mail and immediately file a Notice of Non-
Opposition.  The Court considers ex parte applications on the
papers and usually does not set the matter for hearing.
Courtesy Copies of all moving, opposition, or non-opposition
papers shall be provided to the Court in accordance with
Section 3 of this Order.  The Courtroom Deputy will notify
counsel of the Court's ruling or a hearing date and time, if
the Court determines a hearing is necessary.

**9.   Proposed Protective Orders and Filings Under Seal:**

   Protective orders pertaining to discovery must be
submitted to the assigned Magistrate Judge.  Proposed
protective orders should not purport to allow, without
further order of Court, the filing under seal of pleadings or

documents filed in connection with a hearing or trial before
the Court.  The existence of a protective order does not
alone justify the filing of pleadings or other documents
under seal, in whole or in part.

An application to file documents under seal must meet the
requirements of the Local Rules and shall be limited to three
documents by a party, unless otherwise ordered by the Court.
The application to file documents under seal should not be
filed under seal.  There is a strong presumption of the
public's right of access to judicial proceedings and records
in civil cases.  In order to overcome the presumption in
favor of access, the movant must demonstrate compelling
reasons (as opposed to good cause) for the sealing if the
sealing is requested in connection with a dispositive motion
or trial, and the relief sought shall be narrowly tailored to
serve the specific interest sought to be protected.  *Pintos
v. Pacific Creditors Ass'n,* 605 F.3d 665 (9th Cir. 2010),
*Kamakana v. City and County of* Honolulu, 447 F.3d 1172 (9th
Cir. 2006), *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d
1122, 1135 (9th Cir. 2003).

For each document or other type of information sought to
be filed under seal, the party seeking protection must
articulate compelling reasons supported by specific facts or
legal justification that the document or type of information
should be protected.  The facts supporting the application to
file documents under seal must be provided by a declaration.
The declaration shall attach an unredacted copy of each
document to be filed under seal.  The parties are ordered to

16

highlight the portion of the document containing counsel's
proposed redactions.  Documents that are not confidential or
privileged in their entirety will not be filed under seal if
the confidential portions can be redacted and filed
separately.  The declarations in support of the application
to file documents under seal shall include an explanation of
why redaction is not feasible.

If the parties anticipate requesting the Court to file
more than three documents under seal in connection with any
motion, they shall identify all such documents that will be
required to support and oppose the motion during the Local
Rule 7-3 conference.  The parties shall then meet and confer
in order to determine if the documents satisfy the
"compelling need" standard for "sealing" each document.
Thereafter, the parties shall file a joint application and
lodge a proposed order to file under seal all such documents
with the required showing as to each document.  The joint
application shall be filed promptly so that the Court may
rule on the application before the filing date for the
motion.  The parties shall not file any pleadings containing
documents they have requested the Court to file under seal
until the Court acts on the application to file under seal.

If a party wishes to file a document that has been
designated confidential by another party, the submitting
party must give any designating party five calendar days
notice of intent to file.  If the designating party objects,
it should notify the submitting party and file an application
to file documents under seal within two court days.

If an application to file documents under seal is denied in part or in full, the lodged documents will not be filed. The Courtroom Deputy will notify the submitting party, and hold the lodged documents for three court days to allow the submitting party to retrieve the documents.  If the documents are not retrieved, the Courtroom Deputy will dispose of the documents.

If the Court grants an application to file documents under seal, the parties shall file within two days of the Court's Order a complete version of the documents under seal and a redacted version for public viewing (omitting only such portions as the Court has ordered to be filed under seal). The Court's Courtesy Copies of all documents filed under seal shall include a complete version of the documents with a notation identifying that the document has been filed under seal and shall be highlighted to show the portion of the document that has been redacted. Should counsel fail to file the under seal version and redacted version of the documents, the Court will strike any motion that relies on or relates to those documents and/or file those documents in the public record.

**10.  <u>Cases Removed From State Court</u>:**

Within five days of removal, all documents filed in state court, including documents attached to the Complaint, Answer(s), and Motion(s), must be re-filed in this Court as a separate supplement to the Notice of Removal.  The Courtesy Copies of the supplement shall be prepared in accordance with Section 3 of this Order.  If the defendant has not yet

1  answered or moved, the Answer or responsive pleading filed in
2  this Court must comply with the Federal Rules of Civil
3  Procedure and the Local Rules of the Central District.  If
4  before the case was removed a motion was pending in state
5  court, it must be re-noticed in accordance with the Local
6  Rules.

7  **11.  <u>Actions Transferred From Another District</u>**

8       Counsel shall file, within ten days of transfer, a Joint
9  Report summarizing the status of the action which shall
10 include a description of all motions filed in the action and
11 the transferor court's ruling on the motions.  In addition,
12 counsel shall deliver (but not file) one courtesy copy to
13 Chambers of each document on the docket of the transferor
14 court.  On the first page of each courtesy copy, in the space
15 between lines 1 - 7, to the right of the center, counsel
16 shall include the date the document was filed and the
17 document number.  The courtesy copies shall be placed in a
18 slant D-ring binder in chronological order with each document
19 separated by a tab divider on the right side.  All documents
20 contained in the binder must be three hole punched with the
21 oversized 13/32" hole size, not the standard 9/32" hole size.
22 The binder shall include a Table of Contents and the spine of
23 each binder shall be labeled with its contents.  The courtesy
24 copies shall be delivered to Chambers within ten days of the
25 transfer.
26 / / /
27 / / /
28 / / /

1  **12.  <u>Status of Fictitiously Named Defendants</u>:**

2      This Court adheres to the following procedures when a

3  matter is removed to this Court on diversity grounds with

4  fictitiously named defendants referred to in the Complaint:

5      (a) Plaintiff shall ascertain the identity of and serve

6  any fictitiously named defendants within 90 days of the date

7  that the Complaint was filed in State Court.

8      (b) If plaintiff believes (by reason of the necessity for

9  discovery or otherwise) that fictitiously named defendants

10 cannot be fully identified within the 90-day period, an ex

11 parte application requesting permission to extend the period

12 to effectuate service may be filed with the Court.  Such

13 application shall state the reasons therefore, and will be

14 granted only upon a showing of good cause.  The ex parte

15 application shall be served upon all appearing parties, and

16 shall state that appearing parties may respond within seven

17 calendar days of the filing of the ex parte application.

18     (c) If plaintiff desires to substitute a named defendant

19 for one of the fictitiously named defendants, plaintiff shall

20 first seek the consent of counsel for all defendants (and

21 counsel for the fictitiously named party, if that party has

22 separate counsel). If consent is withheld or denied,

23 plaintiff shall file an ex parte application requesting such

24 amendment, with notice to all appearing parties.  Each party

25 shall have seven calendar days to respond.  The ex parte

26 application and any response should comment not only on the

27 substitution of the named party for a fictitiously named

28 defendant, but on the question of whether the matter should

thereafter be remanded to the Superior Court if diversity of
citizenship is destroyed by the addition of the new
substituted party.

**13.  Bankruptcy Appeals:**

Counsel shall comply with the Notice Regarding Appeal
From Bankruptcy Court issued at the time the appeal is filed
in the District Court.  Counsel are ordered to notify the
Court in a joint report if the Certificate of Readiness has
not been prepared by the Clerk of the Bankruptcy Court and
submitted to the Clerk of the District Court within 90 days
of the date of this Order.

The matter is considered submitted upon the filing of the
final brief.  No oral argument is held unless ordered by the
Court.

**14.  Communications with Chambers:**

Counsel shall not attempt to contact the Court or its
Chambers staff by telephone or by any other ex parte means,
although counsel may contact the Courtroom Deputy at
JFW_Chambers@cacd.uscourts.gov with appropriate inquiries
after reviewing the Federal Rules of Civil Procedure, the
Local Rules, and this Court's Orders.  To facilitate
communication with the Courtroom Deputy, counsel should list
their e-mail addresses and their telephone numbers on all
papers.

**15.  Notice of This Order:**

Counsel for plaintiff shall immediately serve this Order
on all parties, including any new parties to the action.  If

1  this case came to the Court by removal, defendant shall serve
2  this Order on all other parties.

3      **Caveat**:  **If counsel fail to cooperate in the preparation**
4  **of the required Joint Rule 26 Report or fail to file the**
5  **required Joint Rule 26 Report, or if counsel fail to appear**
6  **at the Scheduling Conference, the Pre-Trial Conference and/or**
7  **any other proceeding scheduled by the Court, and such failure**
8  **is not otherwise satisfactorily explained to the Court: (a)**
9  **the cause shall stand dismissed for failure to prosecute, if**
10 **such failure occurs on the part of the plaintiff; (b) default**
11 **judgment shall be entered, if such failure occurs on the part**
12 **of the defendant; or (c) the Court may take such action as it**
13 **deems appropriate.**

14
15      IT IS SO ORDERED.
16
17 DATED:   October 2, 2025
18                                  _____
                                    JOHN F. WALTER
19                                  UNITED STATES DISTRICT JUDGE
20
21
22
23
24
25
26
27
28